TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
John N. McClain III
John C. Gallego

*and*

GARFUNKEL WILD, P.C.
900 Stewart Avenue
Garden City, New York 11530
(516) 393-2200
Burton S. Weston
Kevin Donoghue

*Counsel to Blakemore Investments LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| LAW OFFICES OF EDWARD J. LAKE, P.C., | : | Case No. 25-74584 (LAS) |
| d/b/a THE LAKE LAW FIRM, | : |  |
|  | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| LAKE LAW FIRM LLC, | : | Case No. 25-74585 (LAS) |
|  | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

----------------------------------------------------------------x

**MOTION FOR AN ORDER SHORTENING NOTICE
WITH RESPECT TO BLAKEMORE INVESTMENT LLC'S
MOTION FOR AN ORDER TO ALLOW RECEIVER TO CONTINUE IN
CONTROL OF DEBTOR PROPERTY PURSUANT TO STIPULATED
RECEIVER-APPOINTMENT ORDER AND EXCUSE COMPLIANCE WITH
SECTIONS 543(a) AND 543(b)(1) UNTIL THE EARLIER OF (I) ENTRY OF
AN ORDER FOR RELIEF OR (II) THE APPOINTMENT OF AN INTERIM TRUSTEE**

Blakemore Investments LLC ("Blakemore"), by and through its undersigned attorneys, Togut, Segal & Segal, LLP and Garfunkel Wild, P.C., hereby makes this motion (the "Motion to Shorten") for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) shortening the notice period with respect to the *Motion for an Order to Allow Receiver to Continue in Control of Debtor Property Pursuant to Stipulated Receiver-Appointment Order and Excuse Compliance with Sections 543(a) and 543(b)(1) Until the Earlier of (I) Entry of an Order for Relief or (II) the Appointment of an Interim Trustee*, filed contemporaneously herewith (the "Motion")[1] so as to allow the Motion to be heard on an expedited basis at a time to be established by the Court;  and (b) setting the objection deadline with respect thereto (the "Objection Deadline").  In support of this Motion to Shorten, Blakemore relies upon the Batchelor Declaration, attached to the Motion as Exhibit C, and respectfully states:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant 28 U.S.C. §§ 157 and 1334; Administrative Order No. 264 of the United States District Court for the Eastern District of New York (titled "In the Matter of The Referral of Matters to the Bankruptcy Judges") (Weinstein, C.J.), dated August 28, 1986; and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408 because there is a Chapter 7 case concerning the Debtor pending in this Court.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

4.      The predicates for the relief sought herein are section 105(a) Bankruptcy Code, Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 9006-1(a) and 9077-1 of this Court's Local Rules (the "<u>Local Rules</u>").

<div align="center"><b><u>FACTUAL BACKGROUND</u></b></div>

5.      The facts relevant to this Motion to Shorten are set forth in the accompanying Motion and the exhibits thereto, filed contemporaneously herewith and incorporated herein by reference.

<div align="center"><b><u>RELIEF REQUESTED</u></b></div>

6.      By this Motion to Shorten, Blakemore seeks entry of the Proposed Order (a) shortening the notice period with respect to the Motion so as to allow the Motion to be considered for approval on an expedited basis on a date determined by the Court and (b) setting the Objection Deadline.

<div align="center"><b><u>BASIS FOR RELIEF REQUESTED</u></b></div>

7.      Local Rule 9006-1(a) provides that "all other motion papers shall be served at least fourteen (14) days before the hearing date" and responsive papers "be served so as to be received at least seven (7) days before the hearing date . . ."  Local Rule 9006-1(a). Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(c), however, authorize the Court, for cause shown, to reduce the notice period required for a hearing to consider a motion.

8.      Blakemore submits that cause exists to schedule the Motion on shortened notice.  As set forth in the Motion, Blakemore sought and obtained, with Lake's consent, the appointment of the Receiver in the New York State court to control the Debtor's bank accounts, including making disbursements.   Blakemore did so because Lake had demonstrated an inability to act as a fiduciary for the Debtor's creditors given the Debtor's insolvency, and Lake's irreconcilable conflicts of interest.   Lake fired the Debtor's CRO in breach of the Agreement between Blakemore, Titan, the Debtor and

<div align="center">3</div>

Lake, which, if adhered to, would have set the foundation for an orderly wind down of the Debtor and continued funding of the Debtor's operations by Blakemore and Titan.

9.      The Stipulated Receiver Order, entered on November 5, 2025, brought a measure of transparency and stability to the Debtor.  As set forth in more detail in the Motion, maintaining the *status quo* until the earlier of entry of the order for relief or the appointment of an interim Chapter 7 trustee so that the Receiver can continue to perform his duties is paramount to protect the Debtor's creditors.  Expedited relief is warranted to immediately preserve the transparency and stability brought by the Receiver pursuant to the Stipulated Receiver Order, which Lake agreed to.  Expedited relief is further warranted so the Receiver may make disbursements for the Debtor's coming bi-monthly payroll and preserve creditor collateral, including Blakemore's.

10.     For these reasons, Blakemore respectfully requests that Motion be considered by the Court on shortened notice.

### NO PREVIOUS REQUEST

11.     No previous request for the relief sought herein has been made to this Court or any other court.

### NOTICE

12.     Notice of this Motion to Shorten will be given to the following parties or their counsel: (1) the Debtor; (2) the Receiver; (3) the Petitioning Creditors; (4) the U.S. Trustee; and (5) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Blakemore submits that, in light of the nature of the relief requested, no other or further notice need be provided.

13.     Should the Court enter the Proposed Order, Blakemore will promptly advise the Notice Parties or the hearing date and Objection Deadline.

## CONCLUSION

**WHEREFORE**, Blakemore respectfully requests that the Court: (1) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**; and (2) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
        December 1, 2025

<div style="margin-left:40%">

BLAKEMORE INVESTMENTS LLC
BY ITS ATTORNEYS
TOGUT, SEGAL & SEGAL, LLP

By:    /s/ *Frank A. Oswald*
        Frank A. Oswald, Esq.
        John N. McClain, III, Esq.
        John C. Gallego, Esq.
        One Pennsylvania Plaza, Suite 3335
        New York, New York 10019
        (212) 594-5000

                and

GARFUNKEL WILD, P.C.

By:    /s/ *Burton S. Weston*
        Burton S. Weston, Esq.
        Kevin Donoghue, Esq.
        900 Stewart Avenue
        Garden City, New York 11530
        (516) 393-2200

</div>